**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Exportaciones Durexporta S.A.** | : | **CIVIL ACTION** |
| **Guayaquil, Ecuador** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **Interocean Lines, Inc.** | : | **NO.** |
| **703 Waterford Way** | : | |
| **N.W. 62nd Avenue, Suite 650** | : | |
| **Miami, Florida 33126** | : | |

**COMPLAINT IN ADMIRALTY _IN REM AND IN PERSONAM_**

**Parties**

1.      Exportaciones Durexporta S.A. is a corporation with an office and place of business located in Ecuador.

2.      Plaintiff is a shipper and/or receiver/consignee of fruit who regularly imports its product on board ocean vessels arriving in the ports of the United States.

3.      Defendant, Interocean Lines, Inc., is on information and belief, a corporation with an office and place of business located at 703 Waterford Way, N.W. 62nd Avenue, Suite 650, Miami, Florida 33126.  At all times material hereto, Interocean Lines, Inc. was the owner, charterer and/or operator of the above named vessel.

4.      The vessel owned and/or operated by the above defendants has used the ports of the Commonwealth of Pennsylvania discharged and loaded cargo therein, been supplied services and handled therein and is subject to service of process under the applicable rules of law in admiralty practice and the statutes of the Commonwealth of Pennsylvania.

5.      Plaintiff was the shipper, consignee or owner of the cargo described more further below, and brings this action on its own behalf and as agents and trustees on behalf of and

for the interests of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiff is duly entitled to maintain this action.

## Jurisdiction and Venue

6.      Plaintiff by and through its attorneys, Dugan, Brinkmann, Maginnis and Pace, hereby brings this suit against the defendants under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure.  In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1377 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and the Harder Act of 1893, 46 U.S.C. §§190-196.

7.      Venue lies within the Eastern District of Pennsylvania under the provisions of 28 U.S.C. §1391.

## COUNT I

8.      In or about November of 2008, boxes of fruit consigned to plaintiff  were delivered in good order and condition aboard the M/V GREETSIEL for transportation to the United States and delivered to the vessel in Ecuador in like good order and condition.

9.      In or about November of 2008, the aforesaid shipment was loaded aboard said vessel and a clean on-board bill of lading numbered INOC4010006020 for container number FSCU567587-6 and bill of lading numbers INOC4010005999 for customer number INOU902004-0 was issued acknowledging receipt on the vessel of the said shipment in good order and condition.

10.      Thereafter, various goods were delivered by the above named defendant to

plaintiff, whereupon it was discovered that plaintiff's goods were not in like good order and condition as when received aboard the M/V GREETSIEL, but were instead damaged, deteriorated in value and unfit for sale or use.

11.     The aforesaid damage and loss of plaintiff's cargo was the result of breaches by the defendant of its obligations as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

12.     By reason of the breaches of the defendant of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendant and its obligations as a common carrier of goods, plaintiff has sustained damage and loss in an amount in excess of Twenty-Eight Thousand Dollars ($28,000.00).

13.     The aforesaid damage and/or loss of plaintiff's cargo was caused by the unseaworthiness of the vessel and the negligence of the above-named defendant, their agents, servants and employees in:

      a.     failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

      b.     failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

      c.     failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

      d.     failing to use proper care under the circumstances; and

      e.     Failing to deliver the cargo in a timely manner;

      f.     other and further particulars which will be shown at the time of trial.

14.     By reason of all of the above defendant's negligence and lack of due care and

the failure of the defendant to provide a seaworthy place for the handling, stowage, carriage and discharge of plaintiff's goods and the lack of appropriate stowage aboard the said vessel has suffered damages and loss in excess of Twenty-Eight Thousand Dollars ($28,000.00).

15.     Notice of claim and claim have been filed with the defendant, but it has failed and refused to pay all or any part of the loss which has been sustained by plaintiff.

16.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, plaintiff prays that:

1.     Process in the due form of law, according to the practice of this Court issue against the defendant inviting them to appear and answer all and singular the matters aforesaid.

2.     If the defendant cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Twenty-Eight Thousand Dollars ($28,000.00).

3.     Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V GREETSIEL, her engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of plaintiff and against the defendant plus interest and costs of this action.

5.     Plaintiff have such other and further relief in the premises and in law and justice as it may be entitled to receive.

DUGAN, BRINKMANN, MAGINNIS AND PACE

BY:  _____EM871_____

Eugene J. Maginnis, Jr., Esquire
1880 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA 19103
(215) 563-3500
ATTORNEY FOR PLAINTIFF

Dated: November 24, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Exportaciones Durexporta S.A.           :       CIVIL ACTION
                                        :
        vs.                             :
                                        :
Interocean Lines, Inc.                  :       NO.


DISCLOSURE STATEMENT FORM


Please check one box:

■       The nongovernmental corporate party, _____ Plaintiff _____
        , in the above listed civil action does not have any parent corporation and publicly
        held corporation that owns 10% or more of its stock.

☐       The nongovernmental corporate party, _____,
        in the above listed civil action has the following parent corporation(s) and publicly
        held corporation(s) that owns 10% or more of its stock:


_____
_____
_____
_____


____11/24/09____                        _____EM871_____
        Date                                    Signature


                        Counsel for:____ Plaintiff _____


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

        (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a
statement that identifies any parent corporation and any publicly held corporation that owns
10% or more of its stock or states that there is no such corporation.

        (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:

        (1)     file the Rule 7.1(a) statement with its first appearance, pleading, petition,
                motion, response, or other request addressed to the court, and

        (2)     promptly file a supplemental statement upon any change in the
                information that the statement requires.